UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOELLE BUONINCONTRI,

     Plaintiff,

v.                                CASE NO.:  6:26-cv-715

HUMBERTO A. LIRIANO, individually,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NOELLE BUONINCONTRI ("Plaintiff"), by and through undersigned counsel, sues Defendant, HUMBERTO A. LIRIANO, individually ("Liriano" or "Defendant"), and alleges as follows:

### PARTIES

1.    Plaintiff, Noelle Buonincontri, is an individual residing in Orange County, Florida.

2.    Defendant, Humberto A. Liriano, is an individual residing at 1196 Ivy Manor Street, Minneola, Florida, and at all relevant times was, and still is, the managing member of Horizon West Medical Group, f/k/a Horizon West Pediatrics Center, PLLC ("Horizon West"), which operates and has its principal place of business in Orange County, Florida.

## JURISDICTION AND VENUE

3.      This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Orange County, Florida.

## GENERAL FACTUAL ALLEGATIONS

7.      Horizon West was, and is, a medical practice providing pediatric medical care from its office located at 5730 Hamlin Groves Trail, Suite 165, Winter Garden, Florida 34787, which is in Orange County, Florida.

8.      Defendant exercised operational control over Horizon West's employment practices, including hiring, compensation decisions, payroll practices, and maintenance of employment records.

9.      As such, Defendant falls within the definition of an "Employer" under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*[1]

---

[1] Horizon West is a debtor in a bankruptcy proceeding in the Orlando Division of the United States Bankruptcy Court for the Middle District of Florida, which remains

2

10.     In 2025, Defendant hired Plaintiff to work for Horizon West Pediatrics Center as a non-exempt employee.

11.     At all times relevant to this action, Plaintiff was a non-exempt employee entitled to receive at least the federally mandated minimum wage under the Fair Labor Standards Act for all hours worked.

12.     At all times relevant to this action, Horizon West constituted an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce and had gross annual sales of not less than $500,000.00.

13.     At all times relevant to this action, Plaintiff was individually engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

14.     Prior to and at the time of hiring, Liriano expressly promised and represented to Plaintiff that she would be paid wages at an agreed-upon rate for all work performed for Horizon West.

15.     In reliance upon these promises and representations, Plaintiff accepted employment and performed work for the benefit of Defendant and Horizon West.

---

pending as Case No. 6:25-bk-08105-LVV.   While Horizon West falls within the definition of an "Employer" under 29 U.S.C. § 203(d), it is not named as a defendant in this action to avoid a violation of 11 U.S.C. § 362.

16.     Despite Plaintiff performing substantial work for Defendant over a period of weeks or months, Defendant willfully failed and refused to pay Plaintiff the wages owed for her labor.

17.     During the entire course of Plaintiff's employment, Plaintiff received only one partial payment in approximately October 2025 in the amount of approximately $3,000.00.

18.     Aside from that single partial payment, Plaintiff received no compensation whatsoever for the substantial work she performed for Defendant.

19.     On or about November 15, 2025, Defendant caused Check No. 1382 to be issued to Plaintiff in the amount of $4,114.79, drawn on Bank of America, N.A., and issued on behalf of Horizon West.

20.     Plaintiff presented Check No. 1382 to JPMorgan Chase Bank, N.A. for payment, and the check was dishonored by the drawee bank due to insufficient funds.

21.     In accordance with Section 68.065, Florida Statutes, Plaintiff, through counsel, provided Defendant with statutory written notice, by both certified mail and by first-class mail, on or about February 25, 2026, demanding payment of the dishonored check in the amount of $4,114.79 plus the statutory service charge of $205.74, for a total of $4,320.53.  Attached hereto as **Exhibit A** is an Affidavit of Service of Mail.

22.     Despite receiving proper statutory notice, Defendant has failed to respond and has not tendered payment within the statutory period or at any time thereafter.

23. Defendant issued Plaintiff a Form W-2 Wage and Tax Statement for the relevant tax year reflecting approximately $20,000.00 in wages paid to Plaintiff, despite the fact that Plaintiff actually received only approximately $3,000.00 in compensation—a fraction of the amount reported.

24. In the bankruptcy case styled *In re Horizon West Medical Group, PLLC*, Case No. 6:25-bk-08105-LVV, pending in the United States Bankruptcy Court for the Middle District of Florida, Horizon West filed Amended Schedule A/B – Assets – Real and Personal Property, which were executed under penalty of perjury by Liriano in his capacity as Managing Member of Horizon West.

25. In Schedule A/B, Horizon West disclosed accounts receivable valued at approximately $14,500.00, which constitute sworn statements regarding Horizon West's financial condition because they were executed under penalty of perjury and representations made in filings before the Bankruptcy Court.

26. Horizon West's sworn disclosures demonstrate that it possessed receivables and business assets during the period when Plaintiff was performing work but was not paid, and further demonstrate that Liriano knew or should have known that the business possessed receivables and revenue streams while Plaintiff remained unpaid.

27. Despite the existence of receivables and ongoing business operations, Defendant knew or should have known that Horizon West lacked the present ability or intention to pay the wages promised to Plaintiff.

28. Defendant's failure to pay Plaintiff was not the result of mistake or inadvertence, but rather was a willful, knowing, and intentional violation of the FLSA and applicable law.

29. Plaintiff retained the undersigned counsel to represent her in this case and is responsible for payment of attorney's fees and costs incurred as a result.

30. All conditions precedent have been performed, satisfied, or waived.

### COUNT I – FLSA FAILURE TO PAY MINIMUM WAGES

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

32. At all times relevant to this action, Plaintiff was an "employee" of Horizon West within the meaning of 29 U.S.C. § 203(e), and not one of the excluded categories under 29 U.S.C. § 213(a)(1)–(19).

33. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) because he, as Horizon West's managing member, acted directly in Horizon West's interests.

34. Along with Horizon West, Defendant was Plaintiff's employer within the meaning of the FLSA because Plaintiff performed compensable work for the benefit of Horizon West for which she was entitled to receive at least the federally mandated minimum wage of $7.25 per hour for all hours worked.

35. Defendant knowingly, willfully, and intentionally failed to pay Plaintiff the federally required minimum wage for all hours worked on behalf of Horizon West, in violation of 29 U.S.C. § 206(a).

6

36. Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a), in that Defendant knew or showed reckless disregard for whether his conduct violated the FLSA.

37. As a direct and proximate result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages including, but not limited to, lost wages in an amount to be determined at trial.

38. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendant her unpaid minimum wages, an equal amount in liquidated damages, reasonable attorney's fees, and costs of this action.

39. Pursuant to 29 U.S.C. § 255(a), because Defendant's violations were willful, Plaintiff is entitled to recover unpaid wages for a three-year period preceding the filing of this action.

## COUNT II – FRAUDULENT INDUCEMENT

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

41. Prior to and at the time of hiring Plaintiff, Defendant made express representations to Plaintiff that she would be paid wages at an agreed-upon rate for her employment with Horizon West.

42. These representations regarding payment of wages were material to Plaintiff's decision to accept employment and were intended by Liriano to induce Plaintiff to accept employment with Horizon West.

43.    At the time these representations were made, Liriano knew, or in the exercise of reasonable diligence should have known, that Horizon West lacked the present ability and resources to pay the wages promised to Plaintiff because of its ongoing financial difficulties.

44.    Liriano made these representations with the intent that Plaintiff rely upon them in accepting employment and performing work for Defendant.

45.    Liriano knew that his representations regarding payment of wages were false, or alternatively, made such representations recklessly without knowledge of their truth or falsity.

46.    Plaintiff reasonably relied upon Liriano's representations regarding payment of wages in accepting employment with Defendant and performing substantial work for the benefit of Defendant.

47.    As a direct and proximate result of Liriano's fraudulent inducement, Plaintiff has suffered damages including, but not limited to, unpaid wages, loss of time and effort expended in performing work for which she was not compensated, attorney's fees and costs incurred in the undersigned's representation of Plaintiff in Horizon West's bankruptcy case, which are an element of damages, and other consequential financial harm.

## COUNT III – CIVIL ACTION FOR WORTHLESS CHECK

### (Fla. Stat. §68.065)

48.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

49.     On or about November 15, 2025, Defendant caused Check No. 1382 to be issued, drawn on Bank of America, N.A., payable to Plaintiff in the amount of $4,114.79.

50.     Plaintiff presented Check No. 1382 to her bank for payment, and the check was dishonored by the drawee bank, Bank of America, N.A., for insufficient funds.

51.     In accordance with Section 68.065, Florida Statutes, Plaintiff, through counsel, provided Defendant with statutory written notice by certified mail, return receipt requested, and by first class U.S. mail, demanding payment of the dishonored check together with the statutory service charge.  *See* Ex. A.

52.     Defendant failed to tender payment within the statutory thirty (30) day period following receipt of said notice, as required by Florida Statute § 68.065.

53.     Pursuant to Section 68.065, Florida Statutes, Plaintiff is entitled to recover from Defendant the face amount of the dishonored check ($4,114.79), treble damages (three times the face amount of the check) in the amount of $12,344.37, service charges, costs, and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NOELLE BUONINCONTRI respectfully requests that this Court enter judgment in her favor and against Defendant, HUMBERTO A. LIRIANO, and award Plaintiff the following relief:

A.   As to Count I (FLSA Violation):

    1.   Unpaid minimum wages in an amount to be determined at trial;

    2.   Liquidated damages in an amount equal to the unpaid wages pursuant to 29 U.S.C. § 216(b);

    3.   Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

B.   As to Count II (Fraudulent Inducement):

    1.   Compensatory damages in an amount to be determined at trial;

    2.   Consequential damages;

    3.   Prejudgment interest;

C.   As to Count III (Worthless Check):

    1.   The face amount of the dishonored check ($4,114.79);

    2.   Treble damages in the amount of $12,334.37, pursuant to Florida Statute § 68.065;

    3.   Service charges;

    4.   Court costs and reasonable attorney's fees pursuant to Florida Statute § 68.065; and

D.   Such other and further relief as this Court deems just and proper.

Dated: April 1, 2026.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Andrew S. Ballentine*
　　　　　　　　　　　　　　　　　　**Andrew S. Ballentine, Esq.**
　　　　　　　　　　　　　　　　　　Fla. Bar No.: 118075
　　　　　　　　　　　　　　　　　　**NARDELLA & NARDELLA, PLLC**
　　　　　　　　　　　　　　　　　　135 W Central Blvd., Suite 300

Orlando, FL 32801
407-966-2680
aballentine@nardellalaw.com
kcooper@nardellalaw.com
*Counsel for Plaintiff*