**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOELLE BUONINCONTRI,

     Plaintiff,

v.                                Case No.:  6:26-cv-715-AGM-LHP

HUMBERTO A. LIRIANO,

     Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO SET ASIDE COURT ORDER (ECF NO. 13)**
**AND CLERK'S ENTRY OF DEFAULT (ECF NO. 14)**

Plaintiff, NOELLE BUONINCONTRI ("Plaintiff"), by and through her undersigned counsel, responds in opposition to the Motion to Set Aside Court Order (ECF No. 13) and Clerk's Entry of Default (ECF No. 14), [ECF No. 19](the "Motion"), filed by Defendant, HUMBERTO A. LIRIANO ("Defendant"), and states as follows:

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause."  The burden of establishing good cause rests with the defaulting party, and the Eleventh Circuit considers three factors: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant has a meritorious defense.  *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951

(11th Cir. 1996)(collecting cases). Here, Defendant has failed to demonstrate good cause because his neglect was not excusable, setting aside the clerk's default will prejudice the Plaintiff, and Defendant's central defense will be moot upon Plaintiff's filing of an Amended Complaint.

## FACTUAL BACKGROUND

1. Plaintiff filed this action on April 1, 2026. Defendant was personally served with the Summons and Complaint on April 18, 2026. [ECF No. 11]. The Summons expressly warned Defendant that he had 21 days to respond to the Complaint.

2. After being served, Defendant consulted with both an employment attorney and his bankruptcy attorney, Jeff Ainsworth, Esq., regarding this case.

3. The undersigned and Mr. Ainsworth had multiple communications after the filing of the Complaint and prior to Plaintiff moving for clerk's default. [ECF No. 19-1 at 1, ¶ 3]. Based on these conversations, Defendant was aware that he had to file a response to the Complaint by May 11, 2026. *Cf. id.* at ¶ 2.

4. Defendant failed to file any response by the May 11, 2026 deadline. Instead, Defendant opted to file a deficient Motion to Dismiss on May 12, 2026, even though he knew the deadline was May 11, 2026. *Id.*; [ECF No. 15].

5. On May 13, 2026, the Clerk entered a Clerk's Entry of Default. [ECF No. 14](the "Default").

6. The Court subsequently denied Defendant's Motion to Dismiss without prejudice because: (1) a default had already been entered and not set aside; (2) the

motion did not contain a memorandum of legal authority as required by Local Rule 3.01(b); and (3) the motion did not contain a certificate of conferral as required by Local Rule 3.01(g).  [ECF No. 16].

7.    Defendant did not retain counsel until May 28, 2026, more than two weeks after the response deadline had passed, and did not file the Motion until May 31, 2026, twenty days after the deadline.

8.    For the reasons set forth below, the Court should find that Defendant's admissions preclude a finding of good cause to set aside the Default.

**ARGUMENT**

**I.    Defendant's Neglect Was Not Excusable and Does Not Constitute Good Cause.**

Defendant's own Motion admits that he knew the deadline to respond was May 11, 2026, and that he opted not to go to the courthouse by the time the Clerk's Office closed.  [ECF No. 19-1 at 2, ¶ 4].  Defendant's inability to manage his time and file a response by the deadline is not the type of "excusable neglect" contemplated by Rule 55(c).  Rather, it constitutes culpable conduct because it reflects a conscious disregard of a known deadline.

Defendant argues that settlement negotiations excused his delay.  However, Defendant never requested an extension nor did the parties agree to an extension of time to respond to the Complaint, and there was no stipulation or court order tolling the response deadline.  Settlement discussions do not relieve a defendant of the obligation to timely respond to a complaint.  A party that gambles that a case will settle

3

before the response deadline does so at their own peril. *Compania*, 88 F. 3d at 952 ("…

if a party willfully defaults by displaying either an *intentional or reckless disregard* for the

judicial proceedings, the court need make no other findings in denying relief.")(e.s.).

Here, Defendant falls squarely into the type of situation described in *Compania*

where the defendant admittedly made an intentional choice to disregard the deadline,

at worst, and at best, demonstrated a reckless disregard. 88 F. 3d at 952 (citing *Shepard*

*Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F. 2d 190, 194–95 (6th Cir. 1986)).

The Summons itself expressly warned Defendant in plain language that he had 21 days

to respond or face a default judgment, which Defendant admits he knew was on May

11, 2026. The Eleventh Circuit has consistently held that pro se litigants are "subject

to the relevant law and rules of court, including the Federal Rules of Civil Procedure."

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Defendant's *pro se* status does

not excuse his failure to comply with a clearly communicated deadline, and the Middle

District's website provides a frequently asked questions on filing about documents,

which includes a reference to the clerk's office's drop box, and provides procedures for

its use. *Frequently Asked Questions: Filing* (last visited June 15, 2026, at 1:18 p.m.),

*available at* https://www.flmd.uscourts.gov/faqs/filing.

Thus, Defendant presents as someone who exercised poor time management

and judgment, as opposed to a lack of knowledge or a mistake. To wit, Defendant had

21 days to respond, consulted with multiple attorneys during that period, and waited

until the very last day to begin drafting a response. This conduct reflects a reckless

disregard for known deadlines and a failure to exercise reasonable diligence, rather

than excusable neglect.  Either way, Defendant falls into the category of defendants who are not entitled to setting aside a default.  *Compania*, 88 F. 3d at 952.

## II. Plaintiff Will Suffer Prejudice if the Default Is Set Aside.

Contrary to Defendant's assertion that Plaintiff would suffer no prejudice, setting aside the default would cause Plaintiff tangible harm.  While the Court can address this at a later date, Defendant's meritorious defenses are, in large part, precluded by judicial estoppel.  As outlined in the Complaint, Defendant executed documents filed in Horizon West's bankruptcy case under oath admitting that unpaid wages were owed to Plaintiff.  [ECF No. 1 at 5, ¶¶ 24–27]; *cf Boneta v. Am. Med. Sys.*, 524 F. Sup. 3d 1304, 1317–18 (S.D. Fla. 2021)(discussing judicial estoppel under federal law and state law, and analyzing differences).  Thus, vacating the Default would effectively force Plaintiff to relitigate these issues, as Defendant clearly intends to contest them, even though Defendant and Horizon West have admitted they did not pay Plaintiff wages.  *Keathley v. Buddy Ayers Constr., Inc.*, 2026 U.S. LEXIS 2465, at *3, 10–14 (June 11, 2026)(analyzing judicial estoppel in the bankruptcy context).

Additionally, Defendant's conduct raises legitimate concerns regarding further delay and collection.  Defendant has acknowledged ongoing financial difficulties and has recently been involved in bankruptcy proceedings relating to the business at issue and individually.

## III.    Plaintiff Intends to Amend the Complaint

The bankruptcy case filed by Defendant's company, Horizon West Pediatrics Center, PLLC, n/k/Horizon West Medical Group, PLLC ("Horizon West"), was

recently dismissed. To afford complete relief on her claims, Plaintiff intends to amend her Complaint to include Horizon West as a defendant. This development substantially undermines Defendant's principal defense theory that the corporate entity, rather than Defendant individually, was Plaintiff's employer. [ECF No. 19 at 6–10]. However, Defendant correctly recognizes that he, as Horizon West's day-to-day manager, is an employer under FLSA, and Horizon West's records will resolve any contest on Plaintiff's hours and the total amount of Plaintiff's unpaid wages. Once the corporate entity is added, Defendant will no longer be able to rely on the corporate form to avoid liability.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court find that Defendant intentionally disregarded the May 11, 2026 response deadline or did so with reckless disregard, either of which constitutes a basis to deny the Motion under *Compania*, and that the Court deny the Motion.

Dated: June 15, 2026.                    Respectfully submitted,

                                         /s/ *Andrew S. Ballentine*
                                         Andrew S. Ballentine, Esq.
                                         Fla. Bar No.: 118075
                                         NARDELLA & NARDELLA, PLLC
                                         135 W Central Blvd., Suite 300
                                         Orlando, FL 32801
                                         407-966-2680
                                         aballentine@nardellalaw.com
                                         kcooper@nardellalaw.com
                                         *Counsel for Plaintiff*

6

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**

7