## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

NOELLE BUONINCONTRI,

      Plaintiff,

      v.                           Case No.:  6:26-cv-00715-AGM-LHP

HUMBERTO A. LIRIANO,

      Defendant,

---

### ORDER
#### (AND DIRECTION TO THE CLERK)

Before the Court is Defendant Humberto A. Liriano's Motion to Set Aside Court Order (ECF No. 13) and Clerk's Entry of Default (ECF No. 14).  Doc. No. 19. Plaintiff Noelle Buonincontri opposes.  Doc. No. 27.  Upon consideration, the motion (Doc. No. 19) will be **GRANTED**, as set forth herein.

Plaintiff instituted this action on April 1, 2026, alleging failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), fraudulent inducement, and a civil action for worthless check.  Doc. No. 1.  Plaintiff effected personal service of process on Defendant on April 18, 2026, rendering Defendant's response to the complaint due by May 11, 2026.  Doc. No. 11; Fed. R. Civ. P. 12(a)(1)(A)(i).  On May 13, 2026, on Plaintiff's motion, the Court entered default against Defendant, for his failure to timely appear or respond.  Doc. Nos. 12–14.

-1-

After entry of default, on May 14, 2026, the Clerk's office docketed a Partial Motion to Dismiss filed by Defendant, appearing *pro se*, on May 12, 2026.  Doc. No. 15.  Upon referral of same, however, on May 18, 2026, the undersigned denied the motion without prejudice given the entry of default, which had not been set aside, and for the motion's failure to comply with the Local Rules.  Doc. No. 16.

On May 26, 2026, Plaintiff filed a motion for default judgment, but she has since withdrawn that motion.  Doc. Nos. 17, 24–25.  And on May 31, 2026, Defendant, through counsel, filed a motion to set aside the Clerk's default.  Doc. No. 19; *see also* Doc. No. 18.

Defendant argues in his motion that there is good cause to set aside the default; his failure to timely respond to the complaint is the result of excusable neglect; he wishes to assert several meritorious defenses to Plaintiff's claims; and Plaintiff will suffer no prejudice if the default is set aside.  Doc. No. 19.  As to excusable neglect specifically, Defendant says that prior to the May 11, 2026 response deadline, Plaintiff and Defendant were in settlement negotiations, and that process did not fall apart until May 11, 2026, the day his response was due.  *Id.* at 16–17.  Given his *pro se* status, he was unable to timely file his response with the Clerk's office, and thus he filed it first thing the next day on May 12, 2026.  *Id.* Plaintiff submits his own declaration in support.  Doc. No. 19-1.

-2-

Plaintiff opposes, arguing that (1) Defendant's failure to respond by the May 11, 2026 deadline was not excusable and instead resulted from "poor time management and judgment" and "reckless disregard" for the deadline, and even after the filing of the May 12, 2026 motion to dismiss Defendant still waited more than two weeks to retain counsel, (2) Plaintiff would suffer prejudice if the default were set aside because Defendant's defenses are not meritorious, and (3) Plaintiff intends to file an amended complaint in this matter, negating several of the defenses. Doc. No. 27.

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The defendant bears the burden of establishing good cause to set aside an entry of default." *Insituform Tech., Inc. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citations omitted). "Good cause" is a liberal standard. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). Courts have considered the following non-exclusive factors in determining whether to set aside an entry of default: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the opposing party; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Id*. "Whatever factors are employed, the imperative is that they be

regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citation omitted).   The Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor.  *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339, 1342 (11th Cir. 2014).   Therefore, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief. *Davis v. Parkhill Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).[1]

Here, based on the record and Defendant's submissions, the Court finds good cause to set aside the default.  First, Defendant initially proceeded *pro se*, and his representations regarding settlement negotiations, the inability to timely reach the Clerk's office on his response deadline, and the filing of the response only one day late (albeit by a deficient motion), satisfy the Court that the default was not culpable nor willful.  *See, e.g.*, *Vazquez v. Ramirez*, No. 8:25-cv-01790-KKM-NHA, 2026 WL 88534, at *3 (M.D. Fla. Jan. 12, 2026) ("Defendants' admitted procedural failures appears to be good faith misunderstandings of the required legal process, rather than willful conduct deserving of the harsh remedy of default.").   And the Court disagrees with Plaintiff that Defendant did not promptly seek to correct the default—again, he attempted to respond *pro se* only one day late, and less than three

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

weeks later sought to set aside the default through counsel. *See* Doc. Nos. 15, 18–19. *Cf. United States Commodity Futures Trading Commn v. Brown*, No. 3:15-cv-354-J-39MCR, 2015 WL 10963615, at *2 (M.D. Fla. May 1, 2015) (motion to set aside promptly filed within two weeks of response deadline).

Second, the Court is not persuaded by Plaintiff's assertions of prejudice. In short, Plaintiff argues that she will have to litigate Defendant's affirmative defenses, and she intends to file an amended complaint to negate some of them. Doc. No. 27, at 5–7. But "[t]he inquiry here is 'whether prejudice results from the **delay**, not from having to continue to litigate the case.'" *JPMorgan Chase Bank, NA v. Steinrock*, No. 8:19-cv-1693-T-33SPF, 2019 WL 11502449, at *3 (M.D. Fla. Dec. 9, 2019) (emphasis in original) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009)). Without more, then, the Court finds Plaintiff's claims of prejudice unpersuasive. *See id.* ("There is no suggestion that the delay in this case caused a loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion. This case is still in its early stages, and this factor weighs in favor of setting aside the default."); *see also Hadley v. 104 Sales Group, Inc.*, No. 8:24-cv-02575-VMC-LSG, 2025 WL 475258, at *2 (M.D. Fla. Feb. 12, 2025) ("[A]t this early stage, [the plaintiff] will not be prejudiced by the delay or by having to prove his claim on the merits, especially because Defendants moved to set aside the clerk's default less than a month after it was entered.").

Third, Defendant says that he intends to assert several meritorious defenses, and while Plaintiff argues that he cannot, Plaintiff cites no legal authority demonstrating that the proposed defenses would fail as a matter of law, and the Court declines to delve into the actual merits of any such defenses at this time. *See, e.g., Tindal v. Def. Tax Grp. Inc.*, No. 8:19-cv-2907-T-60JSS, 2021 WL 4133749, at *3 (M.D. Fla. Sept. 10, 2021) (finding arguments as to actual merits of defense were better addressed at a later stage of litigation, rather than on motion to vacate Clerk's default); *Worldwide Distribution, LLLP v. Everlotus Indus. Corp.*, No. 3:16-cv-26-J-39JBT, 2016 WL 8999083, at *2 (M.D. Fla. May 20, 2016) (declining to reach the actual merits of a defense on a motion to vacate Clerk's default). *See also Retina-X Studios, LLC v. ADVAA*, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014) ("[W]hether a defense is meritorious does not depend on its likelihood of success.").

In sum, this case is in its early stages, there is a lack of demonstrable prejudice to Plaintiff should the default be set aside, and Defendant has acted diligently in seeking to set aside the default. Given the strong policy in favor of resolving cases on the merits and the disfavor with which courts view defaults, the Court finds good cause to set aside the default. *See also Brake v. All Fla. Safety Inst., LLC*, No. 3:21-cv-339-BJD-JBT, 2021 WL 2877618, at *1 (M.D. Fla. June 30, 2021) (setting aside Clerk's default even though the defendant did not provide an adequate explanation for allowing default to be entered because it promptly moved to set aside the

-6-

default, presented a meritorious defense, and there was no prejudice to the plaintiff); *Olsen v. Qunn Const., Inc.*, No. 8:10-cv-753-T-33EAJ, 2011 WL 687501, at *1 (M.D. Fla. Feb. 16, 2011) ("[T]he Court prefers to reach the merits of the case as opposed to decide it on a technicality.").

For these reasons, Defendant Humberto A. Liriano's Motion to Set Aside Court Order (ECF No. 13) and Clerk's Entry of Default (ECF No. 14) (Doc. No. 19) is **GRANTED**, to the extent that the Clerk of Court is **DIRECTED** to **VACATE** the entry of default (Doc. No. 14).  It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Defendant shall answer or otherwise respond to the complaint. This Order does not speak to any forthcoming motions to amend/amendments to the complaint by Plaintiff.  *See* Doc. No. 27.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-7-