**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOELLE BUONINCONTRI,

    Plaintiff,

v.                                                                    CASE NO.: 6:26-cv-00715-AGM-LHP

HUMBERTO A. LIRIANO, and
HORIZON WEST PEDIATRICS
CENTER, PLLC, n/k/a HORIZON
WEST MEDICAL GROUP, PLLC,

    Defendants.

_____/

**PLAINTIFF'S NOTICE OF ACCEPTANCE**
**OFFER OF JUDGMENT AS TO COUNT I ONLY**

Plaintiff, Noelle Buonincontri ("Plaintiff"), by and through undersigned counsel, hereby files this Notice of Acceptance of Defendant Humberto A. Liriano's Offer of Judgment as to Count I Only, pursuant to Federal Rule of Civil Procedure 68, and states as follows:

1.      Defendant, Humberto A. Liriano ("Liriano"), served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 as to Count I of Plaintiff's Complaint (the "Offer"), which was received in Plaintiff's counsel's office in mid-June 2026.

2.      Plaintiff served written notice to Liriano's counsel accepting the Offer of Judgment to resolve only Count I—the minimum wages claim under 29 U.S.C. § 216(b)—as to Liriano.  Liriano's counsel requested that Plaintiff file this notice.

3.　　The remaining counts in Plaintiff's Amended Complaint—Count II (Fraud against Liriano), Count III (Worthless Check against Horizon West Pediatrics Center, PLLC, n/k/a Horizon West Medical Group, PLLC), and Count IV (Unpaid Wages against Horizon West Pediatrics Center, PLLC, n/k/a Horizon West Medical Group, PLLC)—remain pending and unaffected by this acceptance.

4.　　Consistent with Plaintiff's acceptance, Plaintiff agrees that the Court may enter judgment in her favor and against Defendant Liriano as to Count I for the amounts set forth in the Offer: $1,877.38 in alleged unpaid minimum wages and $1,877.38 in liquidated damages.

5.　　The Offer provides that they shall be resolved "in an amount negotiated by the Parties and/or determined by the Court."  Plaintiff elects to have the Court determine her reasonable attorney's fees and costs and will file the appropriate motion pursuant to Local Rule 7.01 or as otherwise directed by the Court.

Dated: July 1, 2026.　　　　　　　　Respectfully submitted,

/s/ *Andrew S. Ballentine*
Andrew S. Ballentine, Esq.
Fla. Bar No.: 118075
NARDELLA & NARDELLA, PLLC
135 W Central Blvd., Suite 300
Orlando, FL 32801
407-966-2680
aballentine@nardellalaw.com
kcooper@nardellalaw.com
*Counsel for Plaintiff*

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**