**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOELLE BUONINCONTRI,

     Plaintiff,

v.                              CASE NO.: 6:26-cv-00715-AGM-CAB

HUMBERTO A. LIRIANO,
and HORIZON WEST PEDIATRICS
CENTER, PLLC, n/k/a HORIZON
WEST MEDICAL GROUP, PLLC,

     Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT HUMBERTO LIRIANO'S MOTION TO DISMISS**
**COUNT II OF PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 29)**

Plaintiff, NOELLE BUONINCONTRI ("Plaintiff"), by and through her undersigned counsel, responds in opposition to the Motion to Dismiss Count II of Plaintiff's Amended Complaint (ECF NO. 29), [ECF No. 40] (the "Motion"), filed by Defendant, HUMBERTO A. LIRIANO ("Defendant"), and states as follows:

**INTRODUCTION**

For the reasons set forth below, Defendant's Motion is predicated upon an event that has not occurred and is, as such, requesting an advisory opinion. Notwithstanding that, this case was initiated based upon a federal question under 28 U.S.C. § 1331 for Count I of the Complaint. *See generally* [ECF No. 1]. Counts II-IV in the Amended Complaint arise from the same case or controversy as Count I, present no novel or

complex issue of state law, do not substantially predominate over Count I, and judgment has not yet been entered on Count I.  Therefore, the Court should continue to exercise its discretion under 28 U.S.C. § 1367(c) to retain supplemental jurisdiction over Counts II–IV because no other compelling reason exists for the Court to decline jurisdiction, and Defendant's reliance on precedent cases is misplaced.

### BACKGROUND

1.      On April 1, 2026, Plaintiff filed a three count complaint against Defendant bringing claims under 29 U.S.C. § 216(b) and two state law claims.  *See generally* [ECF No. 1].

2.      On June 23, 2026, Plaintiff amended her complaint to include her former employer as an additional party, Horizon West Pediatrics Center, LLC ("Horizon West"), and revised her claims based on the additional party.  [ECF No. 33].  All of her claims relate to unpaid compensation due from Defendant and his company, Horizon West.

3.      On July 1, 2026, Plaintiff filed—at the request of Defendant—her acceptance of Defendant's offer of judgment on Count 1 of the Complaint.  [ECF No. 35]; *see also* [ECF No. 36](filing Defendant's offer of judgment).

4.      On July 7, 2026, Defendant filed his Motion to Dismiss Count II of the Amended Complaint.  [ECF No. 37].  Defendant's Motion is not directed at Counts III or IV of the Amended Complaint.  *Id.*

5.      As of the filing of this response, the Court has not entered judgment on Count I of the Complaint pursuant to Federal Rule of Civil Procedure 68.

## LEGAL STANDARD

As an Article III court, this Court's authority is limited to the resolution of cases and controversies. *See, e.g.*, *Flast v. Cohen*, 392 U.S. 83, 88, 94–98 (1968). It is well established that federal courts lack jurisdiction to issue advisory opinions. *Nat'l Adver. Co. v. City of Miami*, 402 F. 3d 1335, 1338–39 (11th Cir. 2005).

Under 28 U.S.C. § 1367(a), a district court exercising original jurisdiction over a federal claim also has supplemental jurisdiction over state law claims that are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution—that is, claims that derive from a common nucleus of operative fact. Section 1367(c) identifies the limited, discretionary circumstances in which a court may decline to exercise supplemental jurisdiction: where the state law claim raises a novel or complex issue of state law, the state law claim substantially predominates over the claim conferring original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances there are other compelling reasons for declining jurisdiction. Critically, § 1367(c) is permissive rather than mandatory. Even where one of the enumerated circumstances is present, the statute provides only that the court "may" decline jurisdiction; it does not require the court to do so.

In *Baggett v. First National Bank of Gainesville*, the Eleventh Circuit held that a district court may decline supplemental jurisdiction under Section 1367(c)(3) once it has dismissed all claims over which it had original jurisdiction, with the existence of subject matter jurisdiction measured as of the time the complaint was filed. 117 F.3d

3

1342 (11th Cir. 1997).  In *Baggett*, the original federal claims were brought under the Bank Holding Company Act, which does not provide for a private right of action.  *Id.* at 1344–45, 1349–51.  After the district court disposed of the federal-question claims, the only remaining claims were state-law claims, which the Eleventh Circuit stated should be resolved by state court.  *Id.* at 1352–53.

In *Oster v. Lucky Restaurant Management LLC*, the district court declined supplemental jurisdiction under Section 1367(c)(1) because the state law claim presented a novel and complex issue on which district courts were divided, for which no Florida appellate or Supreme Court authority existed.  *See generally* 2016 U.S. Dist. LEXIS 162471, at *10–14 (M.D. Fla. Nov. 23, 2016)(Covington, J.).  Based on these issues, the district court declined to exercise supplemental jurisdiction.  *Id.* at *13–14.

In *Vitola v. Paramount Automated Food Services, Inc.*, the court retained supplemental jurisdiction over state law claims, including a fraud and fraud-in-the-inducement claim, brought alongside FLSA minimum wage and overtime claims, holding that the state law claims arose from the plaintiffs' employment relationship with the defendants and shared a common nucleus of operative fact with the FLSA claims such that they formed part of the same case or controversy, and that the state law claims did not substantially predominate because the FLSA and state law claims arose from the same employment relationship, involved similar witnesses, and required proof of similar facts.  *See generally* 2009 U.S. Dist. LEXIS 93393, at *1 (S.D. Fla. Oct. 6, 2009).

## ARGUMENT

### A.   Count II Arises from the Same Case or Controversy as Count I.

Each of Plaintiff's claims arises from the same underlying course of conduct by Defendant (and his company, Horizon West) toward Plaintiff and is supported by the same evidence and witnesses.  Because the state and federal claims derive from a common nucleus of operative fact, the issues are intertwined, and this is not a case, as Defendant contends, involving distinct underlying facts.  A close examination of the factual allegations underlying both counts confirms this overlap.

All counts arise from the same September 2025 Employment Agreement and the same course of dealing between Plaintiff and Liriano.  *See generally* [ECF No. 33].  Plaintiff alleges that, prior to and at the time of hiring, Liriano expressly promised that she would be paid wages at an agreed-upon rate for all work performed for Horizon West, and that Plaintiff accepted employment and forewent other job opportunities in reliance on that promise.  Count I's minimum wage claim depends on the existence and terms of that same employment relationship, as do Counts III and IV, while Count II's fraud claim depends on that same pre-hiring promise having been false when made.  Each count thus shares an identical factual predicate: Liriano's promise of wages and Plaintiff's reliance on it in accepting the position.  *Parker v. Scrap Metal Processors, Inc.*, 468 F. 3d 733, 742–43 (11th Cir. 1994)("The constitutional case or controversy standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.")(cleaned up).

Plaintiff's counts likewise rest on the same nonpayment. To wit, Plaintiff alleges that she worked approximately 258.95 hours between October 13, 2025, and December 7, 2025, received only a single partial payment of approximately $3,000.00, and was never paid the remaining wages owed for that work. [ECF No. 33 at 4, ¶¶ 22–23]. That same nonpayment forms the basis of Count I's minimum wage claim and of the damages Plaintiff seeks in Counts II and IV for the work she performed without compensation. *See generally* [ECF No. 33]. Resolving any of these counts therefore requires the same proof of hours worked, amounts paid, and amounts withheld. Similarly, Plaintiff's Count III is based upon Defendant's attempt to pay Plaintiff for a portion of those wages using Horizon West's checking account, only for that check to bounce. *Id.* at 12–13.

These counts essentially share the same evidence of Defendant's knowledge and intent, as well as his actions on behalf of Horizon West. Plaintiff alleges that Liriano filed for Chapter 7 bankruptcy in July 2025 without disclosing Horizon West's financial condition to Plaintiff, that Horizon West's sworn bankruptcy schedules show it possessed receivables and business assets while Plaintiff went unpaid, and that Liriano caused Horizon West to omit Plaintiff's claim from those schedules while paying other employees' pre-petition wages. These same facts support the willfulness element of Count I's FLSA claim and the knowledge and intent elements of Count II's fraud claim. Moreover, Liriano's acts on behalf of Horizon West in its bankruptcy case simplify matters by estoppel. *Vitola*, 2009 U.S. Dist. LEXIS 93393, at *42–43 (discussing judicial estoppel). Because each claim arises from common facts related

6

to Plaintiff's employment relationship, the Court should deny Defendant's Motion. *Vitola*, 2009 U.S. Dist. LEXIS 93393, at *14–15.

B.      **Count II Presents No Novel or Complex Issue of State Law.**

Count II does not require this Court to resolve any unsettled or complex question of state law.  The elements of Count II are well established, and applying them here calls for the straightforward application of settled law to the facts of this case, not the adjudication of a novel legal issue that would counsel in favor of relinquishing jurisdiction to a state court.  *See, e.g.*, *La Pesca Grande Charters v. Moran*, 704 So. 2d 710, 711–13 (Fla. Dist. Ct. App. 1998)(discussing elements of fraudulent inducement and contract law).  Because Plaintiff's claim is predicated upon Defendant and Horizon West's fraud that induced her entry into the employment agreement, Plaintiff's remedies for Count II are distinct but ultimately rely on common facts of non-payment of wages.

C.      **Plaintiff's State Law Claims Do Not Substantially Predominate.**

Count II does not substantially predominate over Count I in terms of proof, the scope of the issues raised, or the remedies sought.  Each count relies on overlapping facts and a shared factual record, and litigating Counts II through IV do not require this Court to expend disproportionate resources relative to Count I.  *See generally* [ECF No. 33]; *Vitola*, 2009 U.S. Dist. LEXIS 93393, at *14-15.  Because Count II does not substantially predominate, this factor likewise does not support declining jurisdiction.

### D.    Judgment on Count I Has Not Yet Been Entered

Defendant's argument is also premature and any decision would amount to an impermissible advisory opinion. *Nat'l Adver. Co.*, 402 F. 3d at 1338–39. Although Plaintiff has accepted Defendant's offer of judgment as to Count I, the Court has not yet entered judgment on that count. Because all claims over which the Court has original jurisdiction have not been dismissed or otherwise finally resolved, the circumstance described in Section 1367(c)(3) is not yet present as it was in *Oster* or *Baggett*. *Baggett*, 117 F. 3d at 1344–45, 1349–53; *Oster*, 2016 U.S. Dist. LEXIS 162471, at *10–14. As such, there is no basis at this stage for the Court to decline supplemental jurisdiction over Count II on that ground. *Parker*, 468 F. 3d at 743–47.

### E.    No Other Compelling Reason Warrants Declining Jurisdiction

Defendant has not identified, and cannot identify, any exceptional circumstance or other compelling reason for this Court to decline jurisdiction over Count II. Absent such a showing, the general rule favoring retention of supplemental jurisdiction—particularly where, as here, the case has already proceeded in federal court—should control.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion and retain supplemental jurisdiction over Count II as well as Counts III and IV.

Dated: August 3, 2026.   Respectfully submitted,

          /s/ *Andrew S. Ballentine*
          Andrew S. Ballentine, Esq.
          Fla. Bar No.: 118075
          NARDELLA & NARDELLA, PLLC
          135 W Central Blvd., Suite 300
          Orlando, FL 32801
          407-966-2680
          aballentine@nardellalaw.com
          kcooper@nardellalaw.com
          *Counsel for Plaintiff*

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Lexis+ AI Protégé was used to identify an analogous case, *Vitola v. Paramount Automated Food Services, Inc.*, 2009 U.S. Dist. LEXIS 93393 (S.D. Fla. Oct. 6, 2009), and Harvey AI was used to help structure portions of this response. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure, and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making

this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**

11