**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOELLE BUONINCONTRI,

     Plaintiff,

v.                                   CASE NO.: 6:26-cv-00715-AGM-CAB

HUMBERTO A. LIRIANO,
and HORIZON WEST PEDIATRICS
CENTER, PLLC, n/k/a HORIZON
WEST MEDICAL GROUP, PLLC,

     Defendants.
_____/

## MOTION FOR CLERK'S DEFAULT AGAINST DEFENDANT

Plaintiff, NOELLE BUONINCONTRI ("Plaintiff"), by and through undersigned counsel and pursuant to Local Rule 3.01 and Fed. R. Civ. P. 55(a), move for a clerk's default against Defendant, HORIZON WEST PEDIATRICS CENTER, PLLC, n/k/a HORIZON WEST MEDICAL GROUP, PLLC ("Horizon West"), and states the following in support thereof:

### BACKGROUND

1.     Plaintiff filed her Amended Complaint and Demand for Jury Trial ("Amended Complaint") on June 23, 2026. [ECF No. 33].

2.     After the Clerk issued a summons on June 25, 2026, a copy of the summons and Amended Complaint were served on Horizon West on July 6, 2026. [ECF Nos. 34, 39].

3.      Pursuant to Federal Rules of Civil Procedure 12, Horizon West had up to and including July 27, 2026, to respond to the Amended Complaint.

4.      Horizon West has failed to serve any paper on the undersigned or file any paper as required by law in response to Plaintiff's Amended Complaint, and has not appeared *pro se* or via counsel in this case.

### ARGUMENT

Rule 55 provides, in pertinent part, that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Perez v. Wells Fargo N.A.*, 774 F. 3d 1329, 1337 (11th Cir. 2014)(" Rule 55(a) mandates the entry of default so that the adversary process [will not be] halted because of an essentially unresponsive party.").

Here, Horizon West was properly served with a copy of the Amended Complaint and Summons pursuant to Federal Rule of Civil Procedure 5(b)(2)(A) based on the affidavit of service.  [ECF No. 39].

As reflected on the docket, Horizon West has not appeared in this case—either *pro se* or via counsel—and has not filed any paper or pleading to otherwise respond to Plaintiff's Amended Complaint within the timeframe provided under Rule 12.

Pursuant to Rule 55, Horizon West is in default, and the Clerk must enter a default against Horizon West.  Fed. R. Civ. P. 55(a); *Perez*, 774 F. 3d at 1337.

WHEREFORE, Plaintiff requests that the Court enter an order (i) granting this motion, (ii) directing the Clerk of Court to enter a default against Defendant, Horizon

West Pediatrics Center, PLLC, n/k/a Horizon West Medical Group, PLLC, and (iii) granting such further and other relief as the Court deems just and proper.

Dated: August 4, 2026.                          Respectfully submitted,

/s/ *Andrew S. Ballentine*
Andrew S. Ballentine, Esq.
Fla. Bar No.: 118075
NARDELLA & NARDELLA, PLLC
135 W Central Blvd., Suite 300
Orlando, FL 32801
407-966-2680
aballentine@nardellalaw.com
kcooper@nardellalaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, a copy of the foregoing was served by United States Postal Service first-class mail on Defendant, Horizon West Pediatrics Center, PLLC, n/k/a Horizon West Medical Group, PLLC, co/ Humberto Liriano, as Registered Agent, 5730 Hamlin Groves Trail, Ste. 164, Winter Garden, FL 34787.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**

## Local Rule 3.01(g) Certification

I HEREBY CERTIFY that on August 3, 2026, counsel for the undersigned attempted to confer in good faith via email with Humberto Liriano, Registered Agent for Defendant, to resolve the issues raised in this motion. However, counsel was unable to reach Mr. Liriano or obtain a response prior to filing. Pursuant to Local Rule 3.01(g)(3), the undersigned will attempt to reach Mr. Liriano and provide an update to the Court at the expiration of the three-day period.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**