**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOELLE BUONINCONTRI,

Plaintiff,

v. CASE NO.: 6:26-cv-00715-AGM-CAB

HUMBERTO A. LIRIANO,
and HORIZON WEST PEDIATRICS
CENTER, PLLC, n/k/a HORIZON
WEST MEDICAL GROUP, PLLC,

Defendants.
_________________________________/

**UNOPPOSED MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES**

Plaintiff, NOELLE BUONINCONTRI ("Plaintiff"), by and through undersigned counsel and pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 3.01, moves for an extension of time to file her Supplemental Motion for Attorney's Fees (the "Motion"), and in support state as follows:

1. On August 12, 2026, the Court entered Judgment as to Count I (Doc. 47), awarding Plaintiff $1,877.38 in unpaid minimum wages and $1,877.38 in liquidated damages against Defendant, HUMBERTO LIRIANO ("Defendant"), and providing that Plaintiff shall recover her reasonable attorney's fees and costs in relation to Count I only, through the date of the Offer of Judgment, in an amount to be negotiated by the parties or determined by the Court.

2. The Judgment directed Plaintiff to file a supplemental motion to determine the award amount pursuant to Local Rule 7.01(c) within forty-five (45) days, which deadline is September 26, 2026. [ECF No. 47].

3. Prior to Defendant's counsel's withdrawal from the case, Plaintiff sent her time entries to Defendant's counsel.

4. Given Defendant's counsel's recent withdrawal, the undersigned and Defendant have begun negotiating a resolution of Plaintiff's claims for attorney's fees and costs. The process is ongoing and will require some additional time for the parties to either reach an agreement or determine that relief from the Court is necessary.

5. Therefore, Plaintiff is requesting additional time to allow the parties to continue negotiating a resolution.

6. Plaintiff's counsel contacted Defendant, who agreed to Plaintiff's request for an additional fourteen (14) days in which to file her Supplemental Motion.

7. Accordingly, Plaintiff requests that the deadline for filing the Supplemental Motion for Attorney's Fees be extended for a period of fourteen (14) days, making Plaintiff's Supplemental Motion due on October 10, 2026.

## MEMORANDUM OF LAW

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;

Fed. R. Civ. P. 6(b)(1). Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may grant an extension of time for good cause shown if a motion is made before the original time expires. *Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 17221, at *5 (M.D. Fla. Feb. 26, 2010).

Here, Plaintiff submits that there is good cause for granting this short extension to permit the parties to continue negotiating a resolution of Plaintiff's claim for attorney's fees and costs. The extension will not cause any undue prejudice to the Defendant, who has agreed to the relief requested, and may avoid judicial labor by permitting the parties to reach a resolution amicably. This is Plaintiff's first request for an extension and is not made for the purpose of delay.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), Counsel for Plaintiff has conferred with Defendant via email on September 22, 2026. Defendant has no opposition to the instant motion or the requested extension of time.

WHEREFORE, Plaintiff respectfully requests that the Court extend Plaintiff's deadline for filing its Supplemental Motion for Attorney's Fees pursuant to Local Rule 7.01(c) through October 10, 2026, together with such other relief as is just and proper.

Dated: September 23, 2026. Respectfully submitted,

*/s/ Andrew S. Ballentine*
Andrew S. Ballentine, Esq.
Fla. Bar No.: 118075
NARDELLA & NARDELLA, PLLC
135 W Central Blvd., Suite 300
Orlando, FL 32801
407-966-2680

aballentine@nardellalaw.com
kcooper@nardellalaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, a copy of the foregoing was served by United States Postal Service first-class mail on Defendant, Humberto Liriano, 1196 Ivy Manor Street, Minneola, FL 34745.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**