**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOELLE BUONINCONTRI,

Plaintiff,

v. Case No. 6:26-cv-00715-AGM-CAB

HUMBERTO A. LIRIANO, and HORIZON WEST PEDIATRICS CENTER, PLLC, n/k/a HORIZON WEST MEDICAL GROUP, PLLC,

Defendants.
_________________________________/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, NOELLE BUONINCONTRI ("Plaintiff"), pursuant to Local Rule 3.01(j), gives notice of the following supplemental authority relevant to Plaintiff's Supplemental Motion for Attorney's Fees and Costs (Doc. 57)(the "Motion") and Defendant Humberto A. Liriano's Response in Opposition (Doc. 59).

On October 21, 2026, the United States Bankruptcy Court for the Middle District of Florida entered an Order Approving First Interim Fee Application of Andrew S. Ballentine and the Law Firm of Nardella & Nardella, PLLC for Compensation for Services Rendered and Reimbursement of Expenses in *In re 3220 S Fiske Blvd., LLC*, No. 6:26-bk-01242-LVV, Doc. 136 (Bankr. M.D. Fla. Oct. 21, 2026)(Vaughan, J.), which supplements the issue of the reasonableness of Mr. Ballentine's hourly rate found on Pages 4 and 7 of the Motion, Page 2, Paragraph 5 of the Declaration (Doc. 57-1), and Pages 8 and 10, Paragraphs 18 and 23 of the Declaration (Doc. 57-2). The Bankruptcy Court found that "[t]he compensation

and expense reimbursement requested in the Application are for actual and necessary services rendered and actual and necessary expenses incurred . . . and are reasonable under section 330 of the Bankruptcy Code." *Id.* at 1.

Dated: October 22, 2026. Respectfully submitted,

*/s/ Andrew S. Ballentine*
Andrew S. Ballentine, Esq.
Fla. Bar No.: 118075
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
(407) 966-2680
Email: aballentine@nardellalaw.com
Secondary: kcooper@nardellalaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2026, a copy of the foregoing was served via electronic mail to Defendant, Humberto Liriano, at haliriano@yahoo.com and hlfanduizmd@gmail.com.

*/s/ Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a

violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *Andrew S. Ballentine*
**Andrew S. Ballentine, Esq.**