UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOELLE BUONINCONTRI,

Plaintiffs,

v. Case No. 6:26-CV-00715-AGM

HUMBERTO A. LIRIANO, AND HORIZON WEST PEDIATRICS CENTER, PLLC, N/K/A HORIZON WEST MEDICAL GROUP, PLLC,

Defendants.

---

## Amended Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 10/19/2026. Andrew S. Ballentine, Esq., counsel for Plaintiff, and Defendant, Humberto A. Liriano, appearing *pro se*, attended the conference. The parties discussed each of the required topics, and Defendant reviewed and approved Plaintiff's counsel's proposed draft of the Case Management Report, with the exception of the selection of a mediator. The parties thereafter continued to confer, and Defendant has since agreed to the selection of Roy Kobert as mediator. Accordingly, Plaintiff submits this Amended Case Management Report reflecting the parties' agreement on the mediator.

No counsel appeared for Defendant, Horizon West Pediatrics Center, PLLC, n/k/a Horizon West Medical Group, PLLC ("Horizon West").

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 10/30/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 12/18/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 2/1/2027 |
| | Defendant | 3/1/2027 |
| | Rebuttal | 3/15/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 4/1/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 5/3/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Roy Kobert, Orlando, FL, (407) 439-2929 | | 4/15/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 8/27/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 9/3/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 9/10/2027 |
| Month and year of the trial term. | | 10/1/2027 |

The trial will last approximately 2 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

Plaintiff sued her former employer, Horizon West Pediatrics Center, PLLC, n/k/a Horizon West Medical Group, PLLC, and its managing member, Humberto A. Liriano ("Liriano"), over unpaid compensation. The court resolved Count I (FLSA minimum wage) against Liriano by a Rule 68 judgment entered August 12, 2026, with attorney's fees to be determined. The state-law counts (including fraudulent inducement and a civil action for a worthless check under section 68.065, Florida Statutes) remain pending; Liriano's motion to dismiss Count II for lack of supplemental jurisdiction is pending, as is Plaintiff's motion for default judgment on Counts I, III & IV against Horizon West, which is in default. The action is not complex.

Defendant Liriano's Position: Count I resulted in a Rule 68 judgment against Liriano on August 12, 2026, with reasonable attorney's fees and costs relating only to Count I remaining disputed under Doc. 47. Liriano denies the fraud allegations in Count II and maintains his pending jurisdictional challenge. He disputes the alleged bankruptcy-related damages and does not concede that those allegations expand the limited Count I fee award.

Neither party intends that the foregoing summary is a waiver of any claims or defenses.

**4. Disclosure Statement**

☒ Plaintiff and Liriano have filed a disclosure statement using the required form. Horizon West has not appeared in this case and has not filed a disclosure statement.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ Liriano requests a preliminary pretrial conference, and the parties want to discuss entry of the scheduling order prior to resolution of his pending jurisdictional challenge to Count II and the scope of Plaintiff's anticipated discovery.

**8. Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:
Plaintiff anticipates seeking discovery on her hiring, hours worked, and compensation; payroll, financial condition, and banking records of Horizon West; representations made to Plaintiff regarding compensation prior to and during her employment; the dishonored check and statutory demand; Liriano's control over employment and payroll decisions, and his management and knowledge of Horizon West's financial condition, outstanding obligations, cash flows from operations, and ability to sustain operations beginning January 1, 2025, through December 31, 2025; the effect of Horizon West's Chapter 11 case and of Liriano's Chapter 7 case; and damages.

Defendant disputes the breadth of that proposal and requests that discovery directed to him individually be relevant and proportional to the claims still pending against him, principally Count II if jurisdiction is retained.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: <u>A party withholding information as privileged will serve a privilege log within fourteen days after its written response to the request. Inadvertent production will not waive privilege, and the producing party may claw back such material under Rule 26(b)(5)(B); the parties do not request a Rule 502(d) order at this time.</u>

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Andrew S. Ballentine*
Andrew S. Ballentine, Esq.
Counsel for Plaintiff
11/19/2026

*/s/ Humberto A. Liriano*
Humberto A. Liriano
Defendant, pro se
11/19/2026